UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN PAUCAR MUNOZ and LUIS ANTONIO
GUAMAN,

                         Plaintiffs,

              -against-

MILL CREEK RESIDENTIAL TRUST, LLC and
MCRT NORTHEAST CONSTRUCTION, LLC,

                         Defendants.
-----------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Civil No.:

CV 12- 3185

HURLEY, J.
BROWN, M.J.

SUMMONS ISSUED

Plaintiff, by his attorneys, GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP, as and for a complaint against the Defendants herein, alleges upon information and belief as follows:

## PARTIES

FIRST:   At all times hereinafter mentioned, Plaintiff, JUAN PAUCAR MUNOZ, (hereinafter "MUNOZ") was a domiciliary/citizen of the State of New Jersey and resided at 27 Lincoln Place, Irvington, New Jersey.

SECOND:   At all times hereinafter mentioned, Plaintiff, LUIS ANTONIO GUAMAN, (hereinafter "GUAMAN") was a domiciliary/citizen of the State of New Jersey and resided at 27 Lincoln Place, Irvington, New Jersey.

THIRD:   At all times relevant hereto Defendant, MILL CREEK RESIDENTIAL TRUST, LLC  (hereinafter "MILL CREEK") was a Delaware Limited Liability Company with its principal place of business located at 2001 Bryan Street, Ste.3275 Dallas Texas 75201

FOURTH: At all times relevant hereto Defendant, MCRT NORTHEAST CONSTRUCTION, LLC (hereinafter "NORTHEAST") was a Delaware Limited Liability Company with its principal place of business 140 Hempstead Avenue, West Hempstead, NY 11552-2118.

## JURISDICTION AND VENUE

FIFTH: Jurisdiction is proper pursuant to 28 U.S.C. 1332 in that there is complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and fees.

SIXTH: Venue is proper pursuant to 28 U.S.C. 1391 (a)(1) as the events giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

SEVENTH: That on or about May 23, 2012, "MILL CREEK" was the owner of 130 Hempstead Avenue, West Hempstead, New York (hereinafter "the subject premises").

EIGHTH: That on or about May 23, 2012, "NORTHEAST" was the general contractor of the construction site located at the subject premises.

NINTH: That on or about May 23, 2012, FM Home Improvements was a sub-contractor at the construction site located at the subject premises.

TENTH: That on or about May 23, 2012, "MUNOZ" was employed by FM Home Improvements at the construction site located at the subject premises.

ELEVENTH: That on or about May 23, 2012, "MUNOZ" fell from a scaffold at the construction site located at the subject premises.

TWELFTH: That on or about May 23, 2012, "GUAMAN" was employed by FM Home Improvements at the construction site located at the subject premises.

THIRTEENTH: That on or about May 23, 2012, "GUAMAN" fell from a scaffold at the construction site located at the subject premises.

### FIRST CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MILL CREEK RESIDENTIAL TRUST, LLC

FOURTEENTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through THIRTEENTH as if more fully set forth at length herein.

FIFTEENTH: At the time and place set forth above, Defendant, "MILL CREEK" was careless and negligent in its ownership operation and control of the subject premises in failing to provide plaintiff MUNOZ with a safe place to work.

SIXTEENTH: As a direct and proximate result of the foregoing acts of negligence by Defendant, "MILL CREEK", plaintiff MUNOZ was caused to sustain serious and grievous bodily injuries.

SEVENTEENTH: As a direct and proximate result of the foregoing acts of negligence by Defendant "MILL CREEK," plaintiff MUNOZ has suffered serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff MUNOZ demands judgment against Defendant, "MILL CREEK" for damages in the amount of Twenty-Five Million Dollars ($25,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MILL CREEK RESIDENTIAL TRUST, LLC

EIGHTEENTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through SEVENTEENTH as if more fully set forth at length herein.

NINETEENTH: At all times relevant hereto Defendant "MILL CREEK" was the owner of the subject premises.

TWENTIETH: At all times relevant hereto Defendant "MILL CREEK" violated New York Labor Law §200, 240, and 241(6) by failing to provide the plaintiff with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the plaintiff MUNOZ; in causing the plaintiff MUNOZ to work and be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange, and maintain the construction/work site and equipment thereat so as to give proper protection to the plaintiff MUNOZ; in causing and allowing the plaintiff MUNOZ to fall from an elevated workplace (a scaffold) thereby sustaining serious and severe injuries; in failing to inspect and/or properly inspect scaffold to see that it was safe and proper; in failing to provide plaintiff MUNOZ with a scaffold or other safety device which was so constructed as to provide the plaintiff MUNOZ with proper protection and with a safe way to work; in failing to provide the plaintiff MUNOZ with as safety belt, harness or fall arrest system; in failing to provide safety nets or other fall protection; in causing or allowing a scaffold to be used that was

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP

unsafe, improper, defective, broken, lacking adequate side rails and inadequate in strength and size to support the weight of the plaintiff MUNOZ; in failing to provide the plaintiff MUNOZ with proper ingress and egress to the scaffold; in failing to provide plaintiff MUNOZ with proper means and equipment to get on and off and work safely on said scaffold; in providing a scaffold that was not suited for the work to be performed at the time of the accident; in providing a scaffold that lacked a proper platform and adequate planking, and safety rails and did not conform with the requirements of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York and 12 NYCRR 23: 23.1.5; 23.1.6; 23.1.7; 23.1.15; 23.1.16; 23.1.17; 23.1.18; 23.1.19; 23.1.21; 23.5; Sections 5.1 through and including 5.22 and OSHA 1910.28; 1919.29, 19.10.184, 19.20, 1926.21, 1926.104, 1926.105, 1926.451, 1926.1053.

TWENTY FIRST: As a direct and proximate result of the foregoing acts of negligence by Defendant "MILL CREEK", plaintiff MUNOZ was caused to sustain serious and grievous bodily injuries.

TWENTY SECOND: As a direct and proximate result of the foregoing violations of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York by Defendant, "MILLCREEK", plaintiff MUNOZ, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff MUNOZ demands judgment against Defendants, for damages, in the amount of Twenty-Five Million Dollars ($25,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP

## THIRD CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MCRT NORTHEAST CONSTRUCTION, LLC

TWENTY THIRD: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through TWENTY SECOND as if more fully set forth at length herein.

TWENTY FOURTH: That at all times relevant hereto Defendant "NORTHEAST" was the general contractor at the construction site at the subject premises.

TWENTY FIFTH: At all times relevant hereto Defendant "NORTH EAST" violated New York Labor Law §200, 240, and 241(6) by failing to provide the plaintiff MUNOZ with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the plaintiff MUNOZ; in causing the plaintiff MUNOZ to work and be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange, and maintain the construction/work site and equipment thereat so as to give proper protection to the plaintiff; in causing and allowing the plaintiff MUNOZ to fall from an elevated workplace (a scaffold) thereby sustaining serious and severe injuries; in failing to inspect and/or properly inspect scaffold to see that it was safe and proper; in failing to provide plaintiff with a scaffold or other safety device which was so constructed as to provide the plaintiff with proper protection and with a safe way to work; in failing to provide the plaintiff MUNOZ with as safety belt, harness or fall arrest system; in failing to provide safety nets or other fall

protection; in causing or allowing a scaffold to be used that was unsafe, improper, defective, broken, lacking adequate side rails and inadequate in strength and size to support the weight of the plaintiff MUNOZ; in failing to provide the plaintiff with proper ingress and egress to the scaffold; in failing to provide plaintiff MUNOZ with proper means and equipment to get on and off and work safely on said scaffold; in providing a scaffold that was not suited for the work to be performed at the time of the accident; in providing a scaffold that lacked a proper platform and adequate planking, and safety rails and did not conform with the requirements of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York and 12 NYCRR 23: 23.1.5; 23.1.6; 23.1.7; 23.1.15; 23.1.16; 23.1.17; 23.1.18; 23.1.19; 23.1.21; 23.5; Sections 5.1 through and including 5.22 and OSHA 1910.28; 1919.29, 19.10.184, 19.20, 1926.21, 1926.104, 1926.105, 1926.451, 1926.1053.

TWENTY SIXTH: As a direct and proximate result of the foregoing acts of negligence by Defendant "NORTHEAST", plaintiff MUNOZ was caused to sustain serious and grievous bodily injuries.

TWENTY SEVENTH: As a direct and proximate result of the foregoing violations of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York by Defendant, "NORTHEAST", plaintiff MUNOZ, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff MUNOZ demands judgment against Defendants, for damages, in the amount of Twenty-Five Million Dollars ($25,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP

### FIRST CAUSE OF ACTION BY LUIS ANTONIO GUAMAN
### AGAINST MILL CREEK RESIDENTIAL TRUST, LLC

TWENTY EIGHTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through TWENTY SEVENTH as if more fully set forth at length herein.

TWENTY NINTH: At the time and place set forth above, Defendant, "MILL CREEK" was careless and negligent in its ownership operation and control of the subject premises in failing to provide plaintiff GUAMAN with a safe place to work.

THIRTIETH: As a direct and proximate result of the foregoing acts of negligence by Defendant, "MILL CREEK", plaintiff GUAMAN was caused to sustain serious and grievous bodily injuries.

THIRTY FIRST: As a direct and proximate result of the foregoing acts of negligence by Defendant "MILL CREEK," plaintiff GUAMAN has suffered serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff GUAMAN demands judgment against Defendant, "MILL CREEK" for damages in the amount of Five Million Dollars ($5,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

## SECOND CAUSE OF ACTION BY LUIS ANTONIO GUAMAN AGAINST MILL CREEK RESIDENTIAL TRUST, LLC

THRTY SECOND: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through THIRTY FIRST as if more fully set forth at length herein.

THIRTY THIRD: At all times relevant hereto Defendant "MILL CREEK" was the owner of the subject premises.

THIRTY FOURTH: At all times relevant hereto Defendant "MILL CREEK" violated New York Labor Law §200, 240, and 241(6) by failing to provide the plaintiff GUAMAN with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the plaintiff GUAMAN; in causing the plaintiff GUAMAN to work and be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange, and maintain the construction/work site and equipment thereat so as to give proper protection to the plaintiff GUAMAN; in causing and allowing the plaintiff GUAMAN to fall from an elevated workplace (a scaffold) thereby sustaining serious and severe injuries; in failing to inspect and/or properly inspect scaffold to see that it was safe and proper; in failing to provide plaintiff GUAMAN with a scaffold or other safety device which was so constructed as to provide the plaintiff GUAMAN with proper protection and with a safe way to work; in failing to provide the plaintiff GUAMAN with as safety belt, harness or fall arrest system; in

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP

failing to provide safety nets or other fall protection; in causing or allowing a scaffold to be used that was unsafe, improper, defective, broken, lacking adequate side rails and inadequate in strength and size to support the weight of the plaintiff GUAMAN; in failing to provide the plaintiff GUAMAN with proper ingress and egress to the scaffold; in failing to provide plaintiff GUAMAN with proper means and equipment to get on and off and work safely on said scaffold; in providing a scaffold that was not suited for the work to be performed at the time of the accident; in providing a scaffold that lacked a proper platform and adequate planking, and safety rails and did not conform with the requirements of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York and 12 NYCRR 23: 23.1.5; 23.1.6; 23.1.7; 23.1.15; 23.1.16; 23.1.17; 23.1.18; 23.1.19; 23.1.21; 23.5; Sections 5.1 through and including 5.22 and OSHA 1910.28; 1919.29, 19.10.184, 19.20, 1926.21, 1926.104, 1926.105, 1926.451, 1926.1053.

THIRTY FIFTH: As a direct and proximate result of the foregoing acts of negligence by Defendant "MILL CREEK", plaintiff GUAMAN was caused to sustain serious and grievous bodily injuries.

THIRTY SIXTH: As a direct and proximate result of the foregoing violations of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York by Defendant, "MILLCREEK", plaintiff GUAMAN, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff GUAMAN demands judgment against Defendants, for damages, in the amount of Five Million Dollars ($5,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP

### THIRD CAUSE OF ACTION BY LUIS ANTONIO GUAMAN
### AGAINST MCRT NORTHEAST CONSTRUCTION, LLC

THIRTY SEVENTH: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through THIRTY SIXTH as if more fully set forth at length herein.

THIRTY EIGHTH: That at all times relevant hereto Defendant "NORTHEAST" was the general contractor at the construction site at the subject premises.

THIRTY NINTH: At all times relevant hereto Defendant "NORTH EAST" violated New York Labor Law §200, 240, and 241(6) by failing to provide the plaintiff GUAMAN with a safe place to work; in causing and/or permitting unsafe conditions to exist at the aforementioned construction/work site which constituted a danger, nuisance and menace to the safety of the plaintiff GUAMAN; in causing the plaintiff GUAMAN to work and be employed in a hazardous place under dangerous circumstances without the benefit of adequate and appropriate protection for his safety and welfare; in failing to construct, assure, equip, place, guard, arrange, and maintain the construction/work site and equipment thereat so as to give proper protection to the plaintiff; in causing and allowing the plaintiff GUAMAN to fall from an elevated workplace (a scaffold) thereby sustaining serious and severe injuries; in failing to inspect and/or properly inspect scaffold to see that it was safe and proper; in failing to provide plaintiff with a scaffold or other safety device which was so constructed as to provide the plaintiff with proper protection and with a safe way to work; in failing to provide the plaintiff GUAMAN with as safety belt, harness or fall arrest system; in failing to provide safety nets or other fall

protection; in causing or allowing a scaffold to be used that was unsafe, improper, defective, broken, lacking adequate side rails and inadequate in strength and size to support the weight of the plaintiff GUAMAN; in failing to provide the plaintiff with proper ingress and egress to the scaffold; in failing to provide plaintiff GUAMAN with proper means and equipment to get on and off and work safely on said scaffold; in providing a scaffold that was not suited for the work to be performed at the time of the accident; in providing a scaffold that lacked a proper platform and adequate planking, and safety rails and did not conform with the requirements of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York and 12 NYCRR 23: 23.1.5; 23.1.6; 23.1.7; 23.1.15; 23.1.16; 23.1.17; 23.1.18; 23.1.19; 23.1.21; 23.5; Sections 5.1 through and including 5.22 and OSHA 1910.28; 1919.29, 19.10.184, 19.20, 1926.21, 1926.104, 1926.105, 1926.451, 1926.1053.

FORTIETH: As a direct and proximate result of the foregoing acts of negligence by Defendant "NORTHEAST", plaintiff GUAMAN was caused to sustain serious and grievous bodily injuries.

FORTY FIRST: As a direct and proximate result of the foregoing violations of Sections 200, 240, 241 and 241(6) of the Labor Law of the State of New York by Defendant, "NORTHEAST", plaintiff GUAMAN, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish and was and still is incapacitated and will be permanently disabled.

WHEREFORE, Plaintiff QUAMAN demands judgment against Defendants, for damages, in the amount of Five Million Dollars ($5,000,000.00), interest and costs of suit and for such other and further relief as this Court may deem just and proper.

GINARTE, O'DWYER,
GONZALEZ, GALLARDO &
WINOGRAD, LLP

Dated: June 12, 2012

_____
STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: June 12, 2012

_____
STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

Civil Action No.:

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

JUAN PAUCAR MUNOZ and LUIS ANTONIO GUAMAN,

                            Plaintiffs

-against-

MILL CREEK RESIDENTIAL TRUST, LLC and MCRT NORTHEAST CONSTRUCTION, LLC.,

                            Defendants

## SUMMOND IN A CIVIL ACTION and COMPLAINT and JURY DEMAND

**GINARTE, O'DWYER GONZALEZ GALLARDO & WINOGRAD, LLP**
Attorneys for Plaintiff(s)
225 Broadway, 13th Floor
New York, New York 10007
Tel.: (212) 601-9700
Facsimile: (212) 267-4262

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

STEVEN R. PAYNE., hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing is not frivolous as nor frivolously presented.

Dated:  New York, New York                               STEVEN R. PAYNE, ESQ.
           June 15, 2012

To
Attorney(s) for

Service of a copy of the within                               is hereby admitted.
Dated:
Attorney(s) for

Sir:

☐     Please take notice that the within is a (certified) true copy of a duly entered in the Office of the Clerk of the withing named Court on         20

☐     Please take notice that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the Judges of the within named Court, at        on     20
at         M.

Dated:

                                          Yours,
**GINARTE, O'DWYER GONZALEZ GALLARDO & WINOGRAD, LLP**
Attorneys for Plaintiff(s)
225 Broadway, 13th Floor
New York, New York 10007
Tel.: (212) 601-9700
Facsimile: (212) 267-4262