UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN PAUCAR MUNOZ and LUIS ANTONIO GUAMAN,

                          Plaintiffs,

   -against-

MILL CREEK RESIDENTIAL TRUST, LLC and
MCRT NORTHEAST CONSTRUCTION, LLC,

                          Defendants.
-------------------------------------------------------------X

CV 12-3185

**ANSWER TO COMPLAINT**

Jury Trial Demanded

Hurley, J.
Brown, M.J.

     The defendant, MILL CREEK RESIDENTIAL TRUST, LLC., by their attorneys AHMUTY, DEMERS & MCMANUS, ESQS., as and for their answer to the plaintiffs' complaint, alleges upon information and belief:

     1:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "FIRST, SECOND, FOURTH, FIFTH, SIXTH, EIGHTH, NINTH, TENTH, ELEVENTH, TWELFTH and THIRTEENTH" of the complaint.

     2:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "THIRD" of the complaint, except admit at all times relevant hereto Defendant, MILL CREEK RESIDENTIAL TRUST, LLC. (hereinafter "MILL CREEK") was a Delaware Limited Liability Company with a place of business located at 2001 Bryan Street, Ste. 3275 Dallas Texas 75201 as well as other locations; including New Jersey.

3:  Denies upon information and belief each and every allegation contained in paragraph designated "SEVENTH" of the complaint.

### AS AND FOR AN ANSWER TO A FIRST CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MILL CREEK RESIDENTIAL TRUST, LLC:

4:  With respect to paragraph "FOURTEENTH" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to paragraphs numbered and designated "FIRST" through "THIRTEENTH", of the complaint.

5:  Denies upon information and belief each and every allegation contained in paragraphs designated "FIFTEENTH, SIXTEENTH and SEVENTEENTH" of the complaint.

### AS AND FOR AN ANSWER TO A SECOND CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MILL CREEK RESIDENTIAL TRUST, LLC:

6:  With respect to paragraph "EIGHTEENTH" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to paragraphs numbered and designated "FIRST" through "SEVENTEENTH", of the complaint.

7:  Denies upon information and belief each and every allegation contained in paragraphs designated "NINETEENTH, TWENTIETH, TWENTY-FIRST and TWENTY-SECOND" of the complaint.

### AS AND FOR AN ANSWER TO A THIRD CAUSE OF ACTION BY JUAN PAUCAR MUNOZ AGAINST MILL CREEK RESIDENTIAL TRUST, LLC:

8:  With respect to paragraph "TWENTY-THIRD" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to

paragraphs numbered and designated "FIRST" through "TWENTY-SECOND", of the complaint.

9: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "TWENTY-FOURTH, TWENTY-FIFTH, TWENTY-SIXTH and TWENTY-SEVENTH" of the complaint.

### AS AND FOR AN ANSWER TO A FIRST CAUSE OF ACTION BY LUIS ANTONIO GUAMAN AGAINST MILL CREEK RESIDENTIAL TRUST, LLC:

10: With respect to paragraph "TWENTY-EIGHTH" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to paragraphs numbered and designated "FIRST" through "TWENTY-SEVENTH", of the complaint.

11: Denies upon information and belief each and every allegation contained in paragraphs designated "TWENTY-NINTH, THIRTIETH and THIRTY-FIRST" of the complaint.

### AS AND FOR AN ANSWER TO A SECOND CAUSE OF ACTION BY LUIS ANTONIO GUAMAN AGAINST MILL CREEK RESIDENTIAL TRUST, LLC:

12: With respect to paragraph "THIRTY-SECOND" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to paragraphs numbered and designated "FIRST" through "THIRTY-FIRST", of the complaint.

13:  Denies upon information and belief each and every allegation contained in paragraphs designated "THIRTY-THIRD, THIRTY-FOURTH, THIRTY-FIFTH and THIRTY-SIXTH" of the complaint.

### AS AND FOR AN ANSWER TO A THIRD CAUSE OF ACTION BY LUIS ANTONIO GUAMAN AGAINST MCRT NORTHEAST CONSTRUCTION, LLC:

14:  With respect to paragraph "THIRTY-SEVENTH" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges each and every denial to paragraphs numbered and designated "FIRST" through "THIRTY-SIXTH", of the complaint.

15:  Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "THIRTY-EIGHTH, THIRTY-NINTH, FORTIETH and FORTY-FIRST" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

16:  That the personal injuries and/or damages alleged to have been sustained by the plaintiffs were caused entirely or in part through the culpable conduct of the plaintiffs without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiffs in the proportion which the culpable conduct, attributable to the plaintiffs bears to the entire measure of responsibility for the occurrence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17:  Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or

will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in applicable New York Law.

18: If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

19: Pursuant to CPLR 1603, the answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

WHEREFORE, the defendant demands judgment dismissing the plaintiffs' complaint on the merits; and if the plaintiffs are found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident and damages together with the costs and disbursements of this action.

Dated: Bohemia, New York
September 6, 2012

By: *Robert J. Hindman*
Robert J. Hindman (RJH 4091)
AHMUTY DEMERS & McMANUS
Attorneys for Defendant
MILL CREEK RESIDENTIAL TRUST LLC
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
Our File No.: YRSI 073012RJH

TO:

STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

Steve Donahue, Esq.
HARDIN, KUNDA & MCKEAN
Attorneys for Defendant
MCRT NORTHEAST CONSTRUCTION, LLC
110 William Street
New York, New York  10038

| AFFIDAVIT OF SERVICE BY MAIL |
|---|

STATE OF NEW YORK    )
                                        SS.:
COUNTY OF SUFFOLK    )

AMY SVIRIDOFF, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in West Sayville, New York.

That on the        day of September, 2012, deponent served the within ANSWER TO COMPLAINT upon:

STEVEN R. PAYNE, ESQ. (SP8013)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York  10007
(212) 601-9700

Steve Donahue, Esq.
HARDIN, KUNDA & MCKEAN
Attorneys for Defendant
MCRT NORTHEAST CONSTRUCTION, LLC
110 William Street
New York, New York  10038

the attorneys for the respective parties, hereto at the address designated by them for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                 _____
                 AMY SVIRIDOFF

Sworn to Before Me This
        Day of September, 2012

_____
NOTARY PUBLIC